Michael Millen
Attorney at Law  (#151731)
119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-0777
Fax:  (408) 516-9861
mikemillen@aol.com

Attorney for Plaintiff

ORIGINAL
FILED

JAN 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN J. FARRER,

     Plaintiff,

     v.

CITY OF HAYWARD, LEON LIMON, in
his individual and official capacity as a
police officer for the CITY OF
HAYWARD, EARNEST KNOX, in his
individual capacity and in his official
capacity as a Security Officer for Chabot
College,

     Defendant.

NO. C08-00493 EMC

**COMPLAINT FOR CIVIL
RIGHTS VIOLATION;
DEMAND FOR JURY TRIAL**

1. **42 U.S.C. § 1983**
2. **False Arrest/Imprisonment**
3. **California Civil Code §52.1**
4. **California Civil Code §51.7**

BY FAX

Plaintiff alleges as follows:

    1.  Plaintiff KEVIN J. FARRER is a natural person.  Motivated by his moral and religious beliefs, plaintiff has regularly engaged in public preaching.  This activity principally includes preaching the Good News of Jesus Christ and verbally expounding upon various biblical texts and truths to the public. This activity occurs on outdoor walkways generally open to the public and also in areas designed for free speech.

    2. Defendant EARNEST KNOX, at all times mentioned herein, was and is a person employed by the Chabot-Las Positas Community College District who works in the Safety and Security department as a Security Officer.  He is being sued in his

1    individual capacity for damages and in his individual and official capacity for

2    injunctive relief.

3        2.4  Defendant the CITY OF HAYWARD is and at all times mentioned herein

4    was a municipal corporation which has, as one of its constituent parts, a department

5    commonly known as the "Hayward Police Department".

6        2.6  Defendant LEON LIMON, at all times mentioned herein, was and is a

7    person employed by the City of Hayward who works as a sworn police officer in the

8    Hayward Police Department.  He is being sued in his individual and official capacity

9    for damages and injunctive relief.

10       3.  **JURISDICTION:**   This Court has jurisdiction over this action pursuant

11   to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the

12   United States Constitution and under Title 42 U.S.C. §1983 and Title 28 U.S.C.

13   §2201.  This Court has authority to award attorneys fees pursuant to Title 42 U.S.C.

14   §1988.  Plaintiffs further invoke the supplemental jurisdiction of this Court under 28

15   U.S.C. §1367(a) to hear and adjudicate state law claims.

16       4.  **INTRADISTRICT ASSIGNMENT:**  Venue is proper in this district and

17   division under 28 U.S.C. §1391(b) because a substantial part of the events giving

18   rise to the claims in this action occurred in this district and division.

19       5.  On or about May 7, 2007, plaintiff went to Chabot College in Hayward,

20   California.  Chabot College is a college campus owned and administered by the

21   Chabot-Las Positas Community College District.  His intention was to preach the

22   Good News of Jesus Christ and verbally expound upon various biblical texts and

23   truths to the public (herein "free speech activity").

24       6.  Plaintiff stationed himself at an outdoor location within the campus,

25   namely in or about a large courtyard area open to the public, and engaged in free

26   speech activity.  While engaged in this free speech activity, plaintiff was approached

27

28

1    by defendant EARNEST KNOX who demanded that plaintiff leave campus.

2    Plaintiff refused.

3        7.  A little while later, defendant Hayward Police Officer LEON LIMON

4    approached plaintiff and demanded that plaintiff leave campus.  Defendant LIMON

5    stated that defendant KNOX had previously asked plaintiff to leave and indicated

6    that plaintiff's refusal and the subsequent call to the police constituted a disturbance.

7    Plaintiff refused Officer LIMON's demand and plaintiff said he would continue to

8    preach.

9        8.  At this point, the following colloquy occurred between defendants LIMON

10   and KNOX:

11       OFFICER LIMON:  "How many times have you asked him to leave?"

12       SECURITY OFFICER KNOX:  "Uh, minimum three times."

13       OFFICER LIMON:  "Minimum three times.  Is he not leaving?"

14       SECURITY OFFICER KNOX: "No he has not left."

15       OFFICER LIMON:  "Do you want him under arrest for trespassing?"

16       SECURITY OFFICER KNOX:  "Yes I do."

17       Defendant KNOX knew and intended that, by virtue of these statements,

18   plaintiff would be physically handcuffed and transported away from the campus.

19       9.  Immediately thereafter, Officer LIMON handcuffed plaintiff, forced him to

20   go to the patrol car, and put plaintiff inside the patrol car.

21       10.  A while later Officer LIMON returned to the patrol car, got in, and began

22   driving.   Officer LIMON then dropped plaintiff off at plaintiff's parked vehicle and

23   proceeded to fill out a citation, a true and correct copy of which is attached hereto as

24   Exhibit A (with certain personal information having been redacted).  The charge on

25   the citation is Penal Code 602(L).

26       11.  Although the citation indicates that "KNOX  101" was involved in the

27   arrest, plaintiff alleges on information and belief that defendant KNOX did not

28

1   actually write his name on the citation but rather that defendant LIMON filled out

2   the entire citation, including KNOX' name and number, with the exception of

3   plaintiff's signature at the bottom.

4        12.  At all of the above times plaintiff's activity was peaceful, caused no

5   disturbance or disruption in the orderly operation of the campus, and was in no way

6   criminal.

7        13.  No defendant had lawful cause or probable cause to arrest plaintiff, and

8   the arrest of plaintiff was unlawful.  The District Attorney declined to prosecute

9   plaintiff and plaintiff has not been convicted of any crime on account of the

10  incident.

11

12              **FIRST CAUSE OF ACTION**

13              **(VIOLATION OF 42 U.S.C. § 1983)**

14       14.  Plaintiff incorporates paragraphs 1-13 as if fully set forth herein.

15       15.  The acts of defendants deprived plaintiff of his free speech rights under

16  the First and Fourteenth Amendments of the Constitution of the United States and

17  further deprived plaintiff of his right to be secure in his person against unreasonable

18  searches and seizures under the Fourth and Fourteenth Amendments to the United

19  States Constitution.  Defendants knew or should have known that their actions were

20  unlawful.

21       16.  All of the acts of defendant KNOX were done under the color and

22  pretense of the statutes, ordinances, regulations, customs, official policies, official

23  procedures, and usages of the Chabot-Las Positas Community College District. All

24  of the acts of defendant LIMON were done under color and pretense of the statutes,

25  ordinances, regulations, customs, official policies, official procedures, and usages of

26  the City of Hayward.

27

28

17. Each defendant participated in the affirmative acts of the other, with the result that plaintiff was arrested as set forth above.

18. On information and belief, plaintiff alleges that The City of Hayward has an inadequate policy of supervising police officers and has not adequately trained its police officers so as to prevent unlawful arrests such as that described above.

19. As a direct and proximate result of defendants' actions, plaintiff suffered humiliation, embarrassment, discomfort, mental anguish, fear, anxiety, loss of reputation, emotional distress, and loss of his liberty and freedom.

20. The conduct of defendants was performed with malice and oppression and a conscious disregard of plaintiff's rights, so as to justify an award of exemplary damages.

21. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff from the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

## SECOND CAUSE OF ACTION
### (FALSE ARREST/IMPRISONMENT)

22. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

23. Plaintiff was falsely arrested.

24. Defendants acted without reasonable cause and without due care in causing the arrest of plaintiff.  As a direct and proximate result of defendants' actions, plaintiff suffered humiliation, embarrassment, discomfort, mental anguish, fear, anxiety, loss of reputation and emotional distress.

25. On or about May 21, 2007, plaintiff presented a claim to the CITY OF HAYWARD concerning the actions of Officer LIMON as described above.

1    Plaintiff's counsel received by mail a letter from the CITY OF HAYWARD dated

2    July 26, 2007 stating that each claim was denied.

3        26.  In or about June or July of 2007, plaintiff presented a claim to the

4    Chabot-Las Positas Community College District concerning the actions of Security

5    Officer KNOX as described above.  Plaintiff's counsel received by mail a letter from

6    Keenan and Associates, who purport to be the claims administrators for the District.

7    The letter stated that the claim was "rejected by operation of law on July 25, 2007."

8

9                        **THIRD CAUSE OF ACTION**

10            **(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1)**

11        27.  Plaintiff incorporates paragraphs 1-26 as if fully set forth herein.

12        28.  Defendants, because of plaintiffs' religious beliefs and political beliefs

13   and the peaceful expression of those beliefs, intentionally intimidated plaintiff and

14   interfered with his exercise of the right to free speech and to assembly guaranteed by

15   the First Amendment of the United States Constitution and Article I, §2 of the

16   California Constitution, and to his right to be free from unlawful search and seizure

17   guaranteed by the Fifth and Fourteenth Amendments to the United States

18   Constitution and Article I, §13 of the California Constitution.  This conduct was a

19   violation of California Civil Code §52.1.

20       29.  Unless enjoined by this Court, defendant will continue to infringe

21   plaintiffs' constitutionally protected rights and thereby cause irreparable injury, as

22   damages alone cannot fully compensate plaintiffs for the ensuing harm.  This threat

23   of injury from continuing violations requires injunctive relief.

24

25                       **FOURTH CAUSE OF ACTION**

26            **(VIOLATION OF CALIFORNIA CIVIL CODE § 51.7)**

27       30.  Plaintiff incorporate paragraphs 1-29 as if fully set forth herein.

28

31.  By the actions alleged herein, defendant violated plaintiff's right under California Civil Code §51.7 to be free from violence or intimidation by threat of violence because of their religious and political beliefs.

32.  Unless enjoined by this Court, defendant will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm.  This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

**ON THE FIRST CAUSE OF ACTION:**

1.  General damages in the amount of $50,000;

2.  Special damages and exemplary damages according to proof;

3.  Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

4.   Costs, interest and attorneys' fees pursuant to plaintiffs to 42 U.S.C. §1988 and other pertinent federal law; and

5.  Such other and further relief as the court deems just and proper.

**ON THE SECOND CAUSE OF ACTION:**

1.  General damages in the amount of $50,000;

2.  Special damages and exemplary damages according to proof;

3.  Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

4.   Costs;  and

5.  Grant such other and further relief as the court deems just and proper.

**ON THE THIRD CAUSE OF ACTION:**

1.  General damages in the amount of $50,000;

2.  Special damages and exemplary damages according to proof;

3. Award statutory penalties to each plaintiff pursuant to California Civil Code §52, et seq.

4.  Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

5.  Costs, interest and attorneys' fees to plaintiffs pursuant to California Civil Code §52, §52.1 and other pertinent California law; and

6.  Such other and further relief as the court deems just and proper.

**ON THE FOURTH CAUSE OF ACTION:**

1.  General damages in the amount of $50,000;

2.  Special damages and exemplary damages according to proof;

3. Award statutory penalties to each plaintiff pursuant to California Civil Code §52, et seq.

4.  Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

5.  Costs, interest and attorneys' fees to plaintiffs pursuant to California Civil Code §52, §52.1 and other pertinent California law; and

6.  Such other and further relief as the court deems just and proper.

1  Dated: January 23, 2008

2                                                    _____
                                                    MICHAEL MILLEN, ESQ.
3                                                    ATTORNEY FOR PLAINTIFF

4

5

6                              **JURY DEMAND**

7          Plaintiffs hereby requests a jury trial in this matter.

8

9

10 Dated: January 23, 2008

11                                                   _____
                                                    MICHAEL MILLEN, ESQ.
12                                                   ATTORNEY FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HAYWARD POLICE DEPARTMENT**
San Leandro - Hayward Judicial District, Alameda County, California

**NOTICE TO APPEAR**  ☐ Misdemeanor  **H560482**
☐ Traffic  ☒ Nontraffic

| Date 5-7-07 | Time 1330 | Day of week MON | Report No. 2007-10957 |
|---|---|---|---|

Name (First, Middle, Last)  KEVIN JAY FARRER

Address  REDACTED  ☐ Owner's Responsibility (Veh. Code, § 40001)

City  REDACTED    State _____  Zip Code _____

| Drivers License # REDACTED | State CA | CL M | Commercial ☐ Yes ☐ No | Age | Birth Date REDACTED |
|---|---|---|---|---|---|

Race REDACTED  Sex  Hair  Eyes  Height  Weight  ☐ Juvenile (Tel #)

Vehicle License No./VIN _____  State _____  Month _____  Year _____

Yr. of Veh.  Make  Model  Body Style  Color(s)

Registered Owner or Lessee _____  ☐ Same as driver

Address _____  ☐ Same as driver

City _____  State _____  Zip Code _____

Evidence of Financial Responsibility _____  ☐ C.V.(V.C.15210b)  ☐ H.M.(V.C.353)

Correctable Violation (CVC § 40610)  ☐ Booking Required (see reverse)  Misdemeanor or Infraction (Circle)

| Yes | No | Violation(s) | |
|---|---|---|---|
| ☐ | ☒ | 602 L (PC) - TRESPASS | Ⓜ I |
| ☐ | ☐ | | M I |
| ☐ | ☐ | | M I |
| ☐ | ☐ | | M I |

Approx. Speed  P/F Max. Speed  Veh. Speed Limit  Safe Speed  Direction

Location of Violation(s)
AT CHABOT COLLEGE BLDG # 2400

| Weather C | Road Conditions | Traffic Conditions | Accident Involved ☒NO  ☐YES |
|---|---|---|---|

☐ Violation not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

LIMON  404

Arresting or Citing Officer  KNOX  Badge No. 101

Date  Name of Arresting Officer, if different from Citing Officer  Badge No.

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.

Ⓧ Signature  Kevin Farrer

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE
WHEN AND WHERE TO APPEAR: (Checked below)

☐ BEFORE A CLERK OF THE SUPERIOR COURT, 24405 Amador Street, Hayward, CA 94544
On or before this date: _____

☒ BEFORE A JUDGE OF THE SUPERIOR COURT, 24405 Amador Street, Hayward, CA 94544
On date: 5 JUN 07  Time: 0900  Dept: 502

☐ JUVENILE TRAFFIC, SUPERIOR COURT, 24405 Amador Street, Hayward, CA 94544
On or before this date: _____  ☐ To be notified

Judicial Council of California Form  SEE REVERSE
Rev. 09-20-05 (Veh. Code, §§ 40500-

# Ex. A

## IMPORTANT — READ CAREFULLY

**WARNING:** If you fail to appear in court as you have promised, you may be arrested and punished by 6 MONTHS IN JAIL AND/OR A $1,000 FINE regardless of the disposition of the original charge (Veh. Code, § 40508 or §853.7 P.C.). In addition, any person who fails to appear as provided by law may be deemed to have elected to have a trial by written declaration (in absentia) pursuant to Vehicle Code section 40903(a) upon any alleged infraction, as charged by the arresting/citing officer.

**COURTESY NOTICE:** A courtesy notice may be mailed to the address shown on your citation, indicating the required deposit of money (bail) that may be forfeited instead of your appearing in court. If you do not receive a courtesy notice, you are still required to comply with the items below by the appearance date.

**JUVENILE:** If you were under age 18 at the time the citation was issued, you must appear in court with your parent or guardian.

### WHAT TO DO

You are required to appear at the court for a misdemeanor violation. For all violations, your court date/time/place are on the front of this notice to appear. Have the citation with you when contacting the court. In all infraction cases, you must do one or more of the following for each violation:

- Appear in court.
- Pay the fine (bail).
- Contest the violation.

- Request traffic school. (when applicable).
- Correct the violation. (when applicable).
- Request trial by written declaration.

If you do not do one of the above actions, then a "failure to appear" charge will be made against you (Veh. Code, § 40508(a)) and your driver's license may be withheld, suspended, or revoked. In some courts you may be charged an amount in addition to the bail amount and the case may be turned over to a collection agency (Pen. Code, § 1214.1).

**1. If you do NOT contest the violation:**

**a. (Pay the bail amount)** Contact the court for bail information. You will not have to appear in court. You will be convicted of the violation, and it will appear on your record at the Department of Motor Vehicles (DMV). A point may be charged to your DMV record and your insurance may be adversely affected.

**b. (Traffic School)** You may be able to avoid the point count by completing traffic school. You must pay the bail amount and you may have to pay other fees. After you attend traffic school, the violation will be dismissed and the point count will not be added to your DMV record. Contact the court to request traffic school.

**c. CORRECTABLE VIOLATIONS:** If the "Yes" box is checked on the front of your ticket, the violation is correctable. You must correct the violation and have a police officer, the DMV, the court clerk, or an authorized inspection/installation station agent sign below. (Veh. Code, § 40616). Registration and driver license violations may also be certified as corrected at an office of the DMV or by any clerk or deputy clerk of a court. The violation will be dismissed by the court after PROOF OF CORRECTION and payment of a transaction fee are presented to the court by mail or in person by the appearance date.

Violations of Vehicle Code section 16028(a) (automobile liability insurance) will be dismissed only upon (1) your showing or mailing to the court evidence of financial responsibility valid at the time this notice to appear was issued, and (2) your payment of a transaction fee.

### CERTIFICATE OF CORRECTION

| Section(s) Violated | Signature of Person Certifying Correction | Serial No. | Agency | Date |
|---|---|---|---|---|
| | | | | |
| | | | | |

**2. If you contest the violation (select a or b):**
**a. (Court trial)** Send a certified or registered letter postmarked not later than five days prior to the appearance date, or come to the court by the appearance date to request a court trial on a future date when an officer and any witnesses will be present. **You will be required to submit the bail amount.**
**—OR—**
**b. (Trial by written declaration)** Send a certified or registered letter postmarked not later than five days prior to the appearance date, or come to the court on or before the appearance date to request a trial by written declaration. **Submit the bail amount.** You will be given forms to allow you and any witnesses to write statements and to submit other evidence without appearing in court. An officer will also submit a statement. The judicial officer will consider the evidence and decide the case.
3. Make check/money order payable to Clerk of the Court. Write your citation number and driver's license number on your check or money order. You may pay in person or by mail, or by phone.

4. If "Booking Required" is checked you must appear for booking on a Monday, Wednesday, or Friday prior to your court date at Hayward Police Department, 300 W. Winton Ave., Hayward between the hours of 1 pm and 5 pm and bring the signed verification to your court appearance.

**Booking Verification:** I declare under penalty of perjury under the laws of the State of California that

_____ was booked on _____

Defendant's name                     Date          Officer                    Serial No.

5. Additional information is available at www.courtinfo.ca.gov.                    670-5630

Or you may call the Hayward Superior Court at (510) 670-5630, hours: 8:30 am to 5:00 pm, M-F.