MICHAEL S. LAWSON (SBN 048172)
City Attorney
RANDOLPH S. HOM (SBN 152833)
Assistant City Attorney
JEFFREY A. CAMBRA (SBN 190295)
CITY OF HAYWARD
777 "B" Street
Hayward, California 94541
Telephone: (510) 583-4450
Facsimile:  (510) 583-3660

Attorneys for Defendants City of Hayward,
and Leon Limon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN J. FARRER,<br><br>                    Plaintiff,<br><br>     -vs-<br><br>CITY OF HAYWARD, LEON LIMON, in his individual and official capacity as a police officer for the CITY OF HAYWARD, ERNEST KNOX, in his individual and official capacity as a Security Officer for Chabot College,<br><br>                    Defendants.<br>_____/ | Case No:. C 08 00493 (EMC)<br><br>DEFENDANTS' ANSWER TO COMPLAINT<br><br>AND<br><br>DEMAND FOR TRIAL BY JURY |

Defendants City of Hayward and Leon Limon respond to plaintiff's complaint for damages, as follows:

1.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 1 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

2.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 2 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

3.    Defendants admit that the City of Hayward is a municipal corporation, otherwise

defendants deny generally and specifically each and every remaining allegation of paragraph 2.4 of plaintiff's complaint.

4.  Defendants admit that Leon Limon was/is a Hayward Police Department officer, otherwise defendants deny generally and specifically each and every remaining allegation of paragraph 2.6 of plaintiff's complaint.

5.  Defendants admit that plaintiff purports to invoke the jurisdiction of the court pursuant to Title 28, United States Code Sections 1331 and 1343, otherwise defendants deny generally and specifically each and every remaining allegation of paragraph 3 of plaintiff's complaint.

6.  Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 4 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

7.  Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 5 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph

8.  Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 6 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

9.  Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 7 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

10.  Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 8 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

11.  Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 9 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

1    12.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 10 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

13.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 11 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

14.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 12 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

15.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 13 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

16.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 14 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

17.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 15 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

18.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 16 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

19.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 17 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

20.    Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 18 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

21. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 19 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

22. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 20 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

23. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 21 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

24. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 22 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

25. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 23 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

26. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 24 of plaintiff's  complaint and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

27. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 25 of plaintiff's complaint and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

28. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 26 of plaintiff's complaint and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

29. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 27 of plaintiff's complaint and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

30. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 28 of plaintiff's complaint and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

31. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 29 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

32. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 30 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

33. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 31 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

34. Defendants have insufficient information and knowledge to respond to the allegations contained in paragraph 32 of plaintiff's complaint, and, on that basis, deny generally and specifically each and every allegation contained in said paragraph.

**AFFIRMATIVE DEFENSES**

AS A FIRST AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that they are immune from liability for the acts and omissions alleged in plaintiff's complaint by virtue of the provisions of Sections 815, 815.2, 815.6, 818, 818.8, 820.2, 820.4, 820.8, 821.6, 822.2, 844.6 and 845.6 of the California Government Code.

AS A SECOND AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that neither plaintiff's complaint nor any of its alleged causes of action state facts sufficient to constitute a cause of action against defendants.

AS A THIRD AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiff did not use the heightened pleading standards as required by City of Canton v. Harris, 489 U.S. 378 (1989) and its progeny, and have thus failed to state a cause of action against defendant police officers in their individual capacities.

AS A FOURTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that they are immune from liability for the arrest, detention and restraint of plaintiff pursuant to the provisions of California Welfare and Institutions Code Section 5154, Government Code Section 856, and Penal Code Sections 835, 835a, 836, and 847, in that the officers had reasonable suspicion/probable cause to believe that plaintiff had committed a public offense/was a danger to others, or to himself, or gravely disabled, and that any and all force used in effecting his arrest, detention and restraint, was lawful, reasonable, and necessary, under the circumstances at the time of the incident.

AS A FIFTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that at the time and place mentioned in plaintiff's complaint, defendants' use of force, if any there was, was necessary for defendants' self defense, defense of others, and to effect the lawful detention/arrest of plaintiff.

AS A SIXTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that they are entitled to qualified and official immunity. Defendants acted at all times in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law.[Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Saucier v. Katz, 533 U.S. 194 (2001); Smith v. Hemet, 394 F.3d 689 (9th Cir. 2005).]

AS A SEVENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiff was comparatively at fault in the manner and style as set forth in Li v. Yellow Cab Company, 13 Cal.3d 804 (1975), and defendants pray that any and all damages sustained by plaintiff be reduced by the percentage of his own negligence in the happenings herein.

AS AN EIGHTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that the damages sustained by plaintiff, if any, were proximately

caused, in whole or in part by others for whom these answering defendants are neither liable or responsible. Should defendants be found to be liable to plaintiff, which liability is expressly denied, said defendants are entitled to have any award against them abated, reduced, or eliminated to the extent that the negligence, carelessness, or fault of any of said other persons or entities contributed to plaintiff's damages, if any there were.

AS A NINTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiff's complaint exceeds the scope of the claim presented to defendant City of Hayward pursuant to California Government Code §§910 and 911.2.

AS A TENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiffs' complaint fails to state a cause of action against these defendants under the holding in <u>Monell v. Department of Social Services of the City of New York</u> 436 U.S. 658 (1978), and its progeny.

AS AN ELEVENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that the outcome of the incidents alleged in plaintiff's complaint would have been the same regardless of any additional or different training which might have been provided to the officers involved.

AS A TWELFTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that at all relevant times, defendants acted independently and not in association or concert with any agent or servant of any other defendant, including defendants sued herein under the fictitious names of their employer, employees or agents.

AS A THIRTEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiff has failed to mitigate her damages.

AS A FOURTEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiff willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities alleged in the complaint.

AS A FIFTEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's complaint, defendants allege that plaintiff's and Solis' own conduct estops plaintiff from claiming

1 the damages alleged in plaintiff's complaint.

2  AS A SIXTEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's
3 complaint, defendants allege that defendants are entitled to reasonable attorney's fees and costs of
4 suit upon prevailing within the meaning of 42 U.S.C. § 1988, California Code of Civil Procedure
5 §1038, and Rule 11 of the Federal Rules of Civil Procedure.

6  AS A SEVENTEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's
7 complaint, defendants allege that plaintiff's complaint, in its entirety, is barred by the applicable
8 statute of limitations.

9  AS AN EIGHTEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's
10 omplaint, defendants allege that defendant City of Hayward and all defendants sued in their
11 official capacity are immune from the imposition of punitive damages.

12  AS A NINETEENTH AFFIRMATIVE DEFENSE to each cause of action of plaintiff's
13 complaint defendants allege that because plaintiff's complaint is written in legal conclusory terms,
14 all affirmative defenses available to defendants cannot be fully anticipated of ascertained at this
15 time.  Accordingly, defendants reserve the right to assert additional affirmative defenses available
16 to defendants that cannot be fully anticipated or ascertained at this time.  Accordingly, defendants
17 reserve the right to assert additional affirmative defenses, if and when the extent that such
18 affirmative defenses are revealed.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

## **PRAYER**

WHEREFORE, defendants pray that plaintiff takes nothing by way of her complaint, that defendants be dismissed from this action and be awarded their costs and attorney's fees, and for any other relief that the court may deem just and proper.

## **DEFENDANTS' DEMAND FOR TRIAL BY JURY**

To the clerk of the above entitled court:

PLEASE TAKE NOTICE that these answering defendants herein demand a trial by jury as to all issues triable thereby, herein.

DATED:   February 25, 2008                    MICHAEL S. LAWSON, City Attorney

By:    _/s/_____
       JEFFREY A. CAMBRA
       Assistant City Attorney
       Attorneys for Defendants