EUGENE B. ELLIOT, ESQ., SBN 111476
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Attorneys for defendant
EARNEST KNOX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN J. FARRER<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF HAYWARD, LEON LIMON, in his individual and official capacity as a police officer for the CITY OF HAYWARD, EARNEST KNOX, in his individual capacity and in his official capacity as Security Officer for Chabot College,<br><br>            Defendants. | Case No.: C 08-00493 VRW<br><br>**DEFENDANT EARNEST KNOX'S ANSWER TO COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

       Defendant EARNEST KNOX, an employee of the Chabot-Las Positas Community College District, who is sued herein individually and in his official capacity, (hereinafter "Defendant"), now responds to and answers as appropriate plaintiff's complaint and demands a jury trial as follows:

       1.     Answering paragraph 1, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

       2.     Answering paragraph 2, defendant admits that Earnest Knox was employed by the Chabot-Las Positas Community College District at the time of the matters alleged in the

complaint. Defendant has insufficient information and knowledge to respond to the allegations regarding the co-defendants alleged in paragraphs 2.4 and 2.5.

3. Answering paragraph 3, defendant admits that this Court has subject matter jurisdiction over plaintiff's claims, and that the acts alleged in plaintiff's complaint occurred within this judicial district.

4. Answering paragraph 4, defendant admits that this Court has subject matter jurisdiction over plaintiff's claims, and that venue is appropriate to the extent that the acts alleged in plaintiff's complaint occurred within this judicial district.

5. Answering paragraph 5, defendant has insufficient information and knowledge to admit or deny these allegations at this time. Defendant admits that Chabot College is a college campus under the administration of the Chabot-Las Positas Community College District.

6. Answering paragraph 6, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

7. Answering paragraph 7, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

8. Answering paragraph 8, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

9. Answering paragraph 9, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

10. Answering paragraph 10, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

11. Answering paragraph 11, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

12. Answering paragraph 12, defendant has insufficient information and knowledge to admit or deny these allegations at this time.

13. Answering paragraph 13, defendant denies these allegations. Defendant, however, denies that he acted unlawfully in any manner regarding the matters alleged in the complaint.

14. Defendant incorporates his responses to the allegations set forth in paragraphs 1-13 as if fully set forth herein.

## ANSWER TO FIRST CAUSE OF ACTION ENTITLED

### "Violation of 42 U.S.C. Section 1983"

15. Answering paragraph 15, Defendant denies these allegations.

16. Answering paragraph 16, Defendant admits he acted pursuant to the laws, customs and/or policies as he understood them.

17. Answering paragraph 17, Defendant has insufficient information and knowledge to admit or deny these allegations at this time.

18. Answering paragraph 18, Defendant has insufficient information and knowledge to admit or deny these allegations at this time.

19. Answering paragraph 19, Defendant denies these allegations.

20. Answering paragraph 20, Defendant denies these allegations.

21. Answering paragraph 21, Defendant denies these allegations.

22. Defendant incorporates his responses to the allegations set forth in paragraphs 1-21 as if fully set forth herein.

23. Answering paragraph 23, Defendant denies these allegations.

24. Answering paragraph 24, Defendant denies these allegations.

25. Answering paragraph 25, Defendant has insufficient information and knowledge to admit or deny these allegations at this time.

26. Answering paragraph 26, Defendant has insufficient information and knowledge to admit or deny these allegations at this time.

27. Defendant incorporates his responses to the allegations set forth in paragraphs 1-26 as if fully set forth herein.

28. Answering paragraph 28, Defendant denies these allegations.

29. Answering paragraph 29, Defendant denies these allegations.

30. Defendant incorporates his responses to the allegations set forth in paragraphs 1-

1  29 as if fully set forth herein.

2    31.    Answering paragraph 31, Defendant denies these allegations.

3    32.    Answering paragraph 32, Defendant denies these allegations.

## ANSWER TO PRAYER FOR RELIEF

As for plaintiff's PRAYER for damages and injunctive relief, defendant denies based on both information and belief and lack of information and belief all claims set forth in the prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against this responding defendant.

## SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff was caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than this answering defendant, including plaintiff himself. In the event that any fault of this answering defendant is found to have contributed to any such damages, plaintiff's recovery, if any, from this defendant is limited to that percentage of plaintiff's damages equal to the percentage by which this responding defendant's fault contributed to said damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages, and said failure proximately contributed to the events and damages alleged in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff were reasonable and/or exercised

with reasonable diligence within the meaning of said statute.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained of by plaintiff were discretionary acts within the meaning of said statute.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident, and said assumption of risk acts as a complete bar to any recovery in this matter.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of any public entity claim(s) that may have been filed.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as he exercised due care in the execution and enforcement of the law relative to plaintiff and/or is immune for invalid or inapplicable enactments.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts employees who are immune from liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Section

821.6 for instituting/prosecuting any and all judicial proceedings against plaintiff which relate to the subject incident.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability, pursuant to the provisions of California Government Code Sections 818.8 and 822.2, for any alleged misrepresentations made to any persons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability for injury to or by any prisoner within custody pursuant to the provisions of California Government Code Sections 844.6, 845, 845.2, 845.6 and 854.8 and 855.8.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Section 845.6 for the failure to obtain or furnish medical care for any prisoner in custody.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Section 846 for injury caused by the failure to secure or arrest a person in custody.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Sections 855.6, 855.8, 856, 856.2 and 856.4 for failing to diagnose that any person was afflicted with a mental illness/disorder or by the failure to provide/prescribe for said illness/disorder.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Penal Code Section 847 since, at the time of the subject incident defendant had reasonable cause to believe that any arrest/detention was lawful.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by transport or failure to transport to a medical facility.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Sections 818.2

1 and 821 for failing to adopt an enactment or enforce any law, and under Government Code Sections 818.4, 818.6, 821.2 and 821.4 for any alleged improper licensing activities and/or property inspections.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Section 845 for the alleged failure to provide police protection or to provide sufficient police protection.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Section 821.8 for trespass.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under the provisions of California Government Code Section 845.4 for any alleged interference with the right of a prisoner to a judicial determination of the legality of his confinement.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that, in the event it is found to be liable, which is expressly denied herein, defendant may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 et seq., and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs,* 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiffs has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant's alleged acts were reasonable under the doctrine set forth in *Graham v. Connor*, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant state and federal statutes, regulations and/or judicial authorities.

WHEREFORE, defendant EARNEST KNOX prays that:

1. Plaintiff takes nothing by reason of his complaint;

2. Defendant be awarded costs of suit incurred herein and attorneys' fees pursuant to 42 U.S.C. Section 1988, and all other applicable federal and state statues and judicial authorities; and

3. Defendant be granted such other and further relief as the Court deems proper.

DATED: April 4, 2008                                BERTRAND, FOX & ELLIOT

                                                            By:     /s/
                                                                    Eugene B. Elliot
                                                                    Attorneys for Defendant
                                                                    EARNEST KNOX

DEFENDANT EARNEST KNOX'S ANSWER TO COMPLAINT